IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         **Crim. Action No. 5:22-CR-12**
                                                                         Judge Bailey

**STEPHANIE NICOLE SEYMOUR,**

    Defendant.

## ORDER RE-ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that defendant's Motion to Suppress be denied.

On August 19, 2022, defendant filed a Motion to Accept Defendant's Objections as Timely Filed [Doc. 31]. This Court mistakenly calculated the date when Objections to the R&R were due. This Court will now address defendant's objections on the merits and **GRANT** defendant's Motion to Accept Defendant's Objections as Timely Filed [**Doc. 31**].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. ***Thomas v. Arn***, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C.

1

§ 636(b)(1) waives the right to raise those objections at the appellate court level. *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Objections were filed [Doc. 30] on August 19, 2022.

## I. DISCUSSION

### A.   Objection to R&R

Defendant raises one (1) objection to the R&R: The defendant respectfully objects to the report's finding that the totality of the circumstances justified the establishment of probable cause permitting the search of the Defendant's purse. *See* [Doc. 30 at 3–5]. Defendant contends that the facts that differentiate the above-styled case from *Wyoming v. Houghton*, 526 U.S. 295 (1999), which Magistrate Judge Mazzone relies on, is that the defendant's "purse was not an object that was simply sitting on the backseat of the automobile. . . [the] purse was being held in her arms and sitting on her lap." *See* [Id. at 4]. Defendant argues that her purse was essentially "an extension of her" and that "creates a heightened expectation of privacy as opposed to a situation where the owner of the purse simply tosses the purse in the backseat, while being seated in the front." *See* [id.].

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. This Court is also persuaded by the holding in *Wyoming v. Houghton* that "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search." 526 U.S. at 306. The totality of the circumstances demonstrates that officers had probable cause to search the vehicle at issue and the officers were free to search passengers' personal belongings because "[a] passenger's personal belongings,

just like the driver's belongings, are containers attached to the car like a glove compartment, are 'in' the car, and the officer has probable cause to search for contraband *in* the car." **Houghton**, 526 U.S. at 302 (emphasis and quotations in original).

Moreover, the degree of intrusiveness upon personal privacy of a search of defendant's purse is much less of an intrusion than the search of her person. "[A] limited search of the outer clothing . . . constitutes a severe, though brief, intrusion upon cherished personal security, and it must surely be an annoying, frightening, and perhaps humiliating experience . . . such traumatic consequences are not to be expected when the police examine an item of personal property found in a car." **Houghton**, 526 U.S. at 303 (internal citations and quotations omitted). This Court cannot agree that by defendant holding the purse on her lap, it created a heightened expectation of privacy.

This Court also agrees with Magistrate Judge Mazzone that officers had probable cause to search the vehicle. As stated in the R&R:

> When Officer Skinner made contact with Mr. Riggle after stopping the vehicle, Mr. Riggle appeared nervous and had difficulty maintaining eye contact with Officer Skinner. Mr. Riggle was driving a vehicle that he did not own. When he provided the insurance information to Officer Skinner, Mr. Riggle initially claimed to be the person listed on the proof of insurance - Nathan Nickelson. A knife, a needle (which Mr. Riggle admitted was used for injecting drugs), and a pipe (another piece of drug paraphernalia) were found on Mr. Riggle's person.

[Doc. 28 at 10]. Based upon these circumstances, this Court also finds that it was reasonable for the officers to conclude that evidence of criminal activity and/or contraband
3

could be located inside of the vehicle. Thus, probable cause existed to search the vehicle as well as defendant's purse.

Therefore, defendant's objection [**Doc. 30**] is **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 28**] should be, and is, hereby **ORDERED RE-ADOPTED** for the reasons more fully stated in the magistrate judge's report.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** August 22, 2022.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**